## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

ANALIVE JIMENEZ,

        *Plaintiff*,

    v.

GCA SERVICES GROUP, INC., SEIU
LOCAL 32BJ, JOHN DOES 1-10, and
ABC CORPORATION 11-20,

        *Defendants*.

Civil Action No. 16-1871

**OPINION**

**John Michael Vazquez, U.S.D.J.**

    This matter comes before the Court by way of the Motion to Dismiss filed by Defendant SEIU Local 32BJ ("Local 32BJ" or "the Union"). D.E. 4. Plaintiff Analive Jimenez did not oppose Defendant's motion. The Court reviewed Local 32BJ's submissions in support and considered the motion without oral argument pursuant to L. Civ. R. 78.1(b). For the reasons stated below, the Union's motion is **GRANTED**.

### I.    BACKGROUND

    Plaintiff filed this matter in the Superior Court of New Jersey on December 21, 2015, asserting claims against the Union, GCA Services Group, Inc. ("GCA"), and unidentified John Doe individuals and ABC corporations. *See* Compl., D.E. 1-1. Plaintiff alleges that she was a contracted GCA employee but was wrongfully terminated on or about December 20, 2013. *Id.* ¶ 1. Plaintiff brings four claims against GCA and the John Doe and ABC Corporation Defendants for her allegedly wrongful termination. *Id.* ¶¶ 1-5, 11-25.

Plaintiff also alleges that she was a member of Local 32BJ. *Id.* ¶ 7. Plaintiff brings a single claim against the Union, alleging that it breached an unidentified contract. Plaintiff contends that as a union member, Local 32BJ "was contractually obligated to protect Plaintiff's interest regarding her employment and assist Plaintiff in any disputes between Plaintiff and her employer." *Id.* ¶ 8. Plaintiff alleges that Local 32BJ failed to fulfill its contractual duties, and as a result, she was terminated from her employment with GCA. *Id.* ¶ 9.

Plaintiff served Local 32BJ with a Summons and Complaint in this matter on March 28, 2016, and on April 4, 2016, Local 32BJ filed a Notice of Removal.[1] *See* Notice of Removal ¶ 1 (D.E. 1). Local 32BJ alleges that the only contract that Plaintiff could possibly be referencing in the breach of contract claim is a collective bargaining agreement between the Union and GCA (the "CBA"). *Id.* ¶¶ 8-9. The Union therefore argues that Plaintiff's claims are governed by federal law because the Complaint is "best understood as stating claims under § 301" of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185. *Id.* ¶¶ 6-8, 10.

Shortly after filing its Notice of Removal, the Union filed this Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6). D.E. 4. As in its Notice of Removal, Local 32BJ argues that the breach of contract claim asserted against it should be construed as a claim for breach of the duty of fair representation under § 301 of the LMRA. *See* Def's Br. at 3-4. As such, the Union contends that the claim must be dismissed because it is time-barred and because Plaintiff fails to allege sufficient facts to plead a viable claim. *See* Def's Br. at 4-10. As noted, Plaintiff did not oppose Local 32BJ's Motion to Dismiss.

---

[1] Because GCA has not been served yet and the other Defendants are unnamed individuals and corporations, the Union did not need to obtain the consent of any of its co-defendants to remove this matter. *See Granovsky v. Pfizer, Inc.*, 631 F. Supp. 2d 554, 559 (D.N.J. 2009) (stating that defendant need not obtain consent to remove from unknown defendants or a non-resident defendant that had not been served).

## II.   LEGAL STANDARD

Local 32BJ argues for dismissal pursuant to Rule 12(b)(6).  Def's Br. at 2-3.  For a complaint to survive dismissal under Rule 12(b)(6), it must contain sufficient factual matter to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  Further, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of her claims." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 789 (3d Cir. 2016).

In evaluating the sufficiency of a complaint, district courts must separate the factual and legal elements. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009).  Restatements of the elements of a claim are legal conclusions, therefore, they are not entitled to a presumption of truth. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011).  The Court, however, "must accept all of the complaint's well-pleaded facts as true." *Fowler*, 578 F.3d at 210.

## III.   DISCUSSION

Local 32BJ argues that "the only contract under which Plaintiff could conceivably have a cause of action regarding her discharge is the collective bargaining agreement between Local 32BJ and GCA." Def's Br. at 4.  Plaintiff's Complaint alleges that the terms of an unnamed contract "obligated [Local 32BJ] to protect Plaintiff's interest regarding her employment and assist Plaintiff in any disputes between Plaintiff and her employer." Compl. ¶ 8.  Based on this language, the Court agrees that the contract at issue is the CBA.

Local 32BJ therefore contends that the breach of contract claim should be construed as one for breach of the duty of fair representation pursuant to § 301 of the LMRA.  Def's Br. at 3-4.

When a state law claim "is substantially dependent" upon an analysis of the terms of a labor

contract, including a collective bargaining agreement, "that claim must either be treated as a § 301

claim or dismissed as pre-empted by federal labor-contract law." *Egas v. Fit Rite Body Parts, Inc.*,

No. 11-2340, 2011 WL 6935314, at *4 (D.N.J. Dec. 30, 2011) (quoting *Allis-Chalmers Corp. v.

Lueck*, 471 U.S. 202, 220 (1985)) (dismissing breach of contract claim against union because it

was completely preempted by § 301). "An action wherein a union member sues his or her

employer for breaching its contractual obligations under the collective bargaining agreement and

the union for breaching its duty of fair representation is referred to as a 'hybrid' action under § 301

of the [LMRA]."[2] *Lee v. N.J. Transit*, No. 08-5972, 2010 WL 1382392, at *4 (D.N.J. Apr. 6,

2010) (quoting *Beidelman v. Stroh Brewary Co.*, 182 F.3d 225, 236 (3d Cir. 1999)) (internal

quotation marks omitted). In this instance, the breach of contract claim against the Union is clearly

dependent on the terms of the CBA. As a result, the Court will construe this claim as a "hybrid"

§ 301 claim.

The Union first argues that Plaintiff's claim is time-barred. Def's Br. at 4-6. The statute

of limitations for a "hybrid" § 301 claim is six months. *Lee*, 2010 WL 1382392, at *4 (quoting

*Daniels v. Pipefitters' Ass'n Local Union No. 597*, 945 F.2d 906, 922 (7th Cir. 1991)). For a

breach of a union's duty of fair representation, "the limitations period commences when the

plaintiff receives notice that the union will proceed no further with the grievance." *Vadino v. A.*

---

[2] An employee bringing a "hybrid" action may bring suit against the union, her employer or both
parties. *Simoni v. Diamond*, No. 10-6798, 2014 WL 4724677, at *4 (D.N.J. Sept. 23, 2014)
(quoting *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 161, 165 (1983)). In a hybrid action, the
claims against the employer and the union are "inextricably interdependent." *Id.* (quoting
*DelCostello*, 462 U.S. at 165). As a result, even if the plaintiff only sues one party she "must prove
both that the employer breached the collective bargaining agreement *and* that the union breached
its duty of fair representation." *Corrigan v. Local 6, Bakery, Confectionary & Tobacco Workers*,
91 F. Supp. 3d 618, 626 (E.D. Pa. 2015) (emphasis added).

4

*Valey Eng'rs*, 903 F.2d 253, 260 (3d Cir. 1990). Notice need not be explicit. *Albright v. Virtue*, 273 F.3d 564, 566 (3d Cir. 2001) ("We have not required that union members who wish to file suit against the union or their employers be given explicit notice that their grievances have been rejected."). Further, a § 301 claim begins to run "when the claimant discovers, or in the exercise of reasonable diligence should have discovered, the acts constituting the alleged violation." *Vadino*, 903 F.2d at 260.

Generally, the statute of limitations is not an appropriate basis for a Rule 12(b)(6) dismissal. There is an exception, however, if "the plaintiff's tardiness in bringing the action [is] apparent from the face of the complaint." *W. Penn Allegheny Health Sys., Inc. v. UPMC*, 627 F.3d 85, 105 n.13 (3d Cir. 2010) (quoting *Robinson v. Johnson*, 313 F.3d 128, 135 & n.3 (3d Cir. 2002)). Here, the only date that appears in Plaintiff's Complaint is December 20, 2013 - the day she was allegedly terminated from her employment with GCA. Comp. ¶ 7. Plaintiff, however, waited two years before filing this suit on December 21, 2015. The Union makes a colorable argument as to the statute of limitations. But based on the extremely limited factual record and viewing the facts in a light most favorable to Plaintiff, the Court cannot conclude as a matter of law that Plaintiff's claims are time-barred. Therefore, the Court will not grant Local 32BJ's motion to dismiss on statute of limitations grounds.

The Court, however, will dismiss Plaintiff's claims against the Union for failure to state a claim. Plaintiff's Complaint is a bare-bones pleading that cannot survive a Rule 12(b)(6) motion to dismiss. As discussed, for a "hybrid" § 301 claim, a plaintiff must prove that the employer breached the CBA and that the union breached its duty of fair representation. *Corrigan*, 91 F. Supp. at 618. The duty of fair representation is breached when "a union's conduct toward a member . . . is arbitrary, discriminatory, or in bad faith." *Ahmad v. United Parcel Serv.*, 281 F.

App'x 102, 105 (3d Cir. 2008) (quoting *Vaca v. Sipes*, 386 U.S. 171, 190 (1967)).  Here, Plaintiff does not (1) provide any facts to substantiate how the Union breached its contractual duties under the unnamed contract; (2) plead that GCA breached the CBA; or (3) allege that the Union's actions towards her were arbitrary, discriminatory, or in bad faith.  *See, e.g.*, *Johnson v. Laundry Workers LCL 141 & Agents*, 419 F. App'x 146, 148 (3d Cir. 2011) (affirming dismissal of "hybrid" action because plaintiff pled "no facts suggesting that the CBA was violated" or that "Local 141's conduct was arbitrary, discriminatory, or in bad faith").  Because Plaintiff fails to plead the necessary elements of a "hybrid" § 301 claim and provides absolutely no facts to plausibly support her claim, Plaintiff's cause of action against the Union is dismissed.

## IV.   CONCLUSION

For the foregoing reasons, Defendant SEIU Local 32BJ's Motion to Dismiss is **GRANTED** without prejudice.  Plaintiff may file an amended complaint that cures the deficiencies as explained above within thirty (30) days.  If Plaintiff does not file an amended complaint within this timeframe, the claim against Defendant SEIU Local 32BJ will be dismissed with prejudice.  An appropriate order accompanies this opinion.

Dated: November 21, 2016

John Michael Vazquez, U.S.D.J.

6